STATE, JOSEPH WHARTON, PROSECUTOR, v. JESSE R. ABBOTT, COLLECTOR OF MULLICA TOWNSHIP, ATLANTIC COUNTY.

1. No money having been ordered by the town meeting to be raised for any township purpose, an assessment of $20.34 against the prosecutor, under the head of "township," was sustained, on the ground that it was intended to represent, and did not exceed, the prosecutor's share of the ten per centum addition authorized by the statute. *Rev.*, *p.* 1150, *pl.* 61, § 2.

2. The burden is upon the prosecutor to show, by some preponderance of proof, that the assessment is too high.

On *certiorari.* In matter of assessment.

Argued at November Term, 1879, before Justices REED and WOODHULL.

For the prosecutor, *S. H. Grey.*

For the defendant, *A. C. Scovel.*

The opinion of the court was delivered by

WOODHULL, J. This writ brings up an assessment against the prosecutor, in the township of Mullica, in the county of Atlantic, for the year 1876.

The property assessed was a tract of unimproved land, located in that township, containing ten thousand three hundred acres, valued at $22,600, the whole assessment amounting to $224.19. Of this amount, the sum of $20.34 is placed in a separate column, under the head of "township."

The reasons assigned for setting aside the assessment are:

1. Because no assessment was authorized to be made by the inhabitants of the township of Mullica, for the year 1876, for any township purpose whatever.

2. Because the lands of the plaintiff were assessed at a valuation largely in excess of their full and actual value.

Although the proceedings of the town meeting of the township of Mullica show that there was no money ordered to be raised for that year for any township purpose, it does

not follow that the assessment of $20.34, under the head of "township," was unauthorized.

The statute (*Rev., p.* 1150, *pl.* 61, § 2,) provides that all real and personal estate, &c., shall be taxed at such rate per dollar as will be sufficient to produce the sum required to be raised, together with an addition thereto, not exceeding ten per centum of such sum, to meet contingencies, &c.

The assessor testifies, and the duplicate shows, that ten per centum, the full amount authorized by the statute, was, in fact, added by the assessor to the sum required to be raised for that year in the township of Mullica. The item in question was evidently intended to represent the prosecutor's proportion of that authorized addition.

If the town meeting had ordered money to be raised for township purposes, the prosecutor's share of the sum so ordered, together with his share of the added ten per centum, would have appeared on the duplicate, precisely where, in the absence of any such order, the assessor has placed the sum intended to represent the prosecutor's quota of the authorized addition.

The object of the provision under which this money was assessed was to secure the township against loss by reason of the reduction of the assessments, failure to collect, or other unforeseen circumstances.

If the assessment had been for more than the prosecutor's share of the sum added by the assessor, it would be corrected as to the excess.

As it is, in fact, a little less than his share, the prosecutor has no reason to complain of it.

The second reason, viz., that the prosecutor's lands were assessed for more than their full and actual value, is not satisfactorily sustained by the evidence before us. The lands in question were variously estimated by the witnesses at from $1 to $4.50 per acre. The average estimate of the five sworn on the part of the prosecutors was $1.40; of the same number on the part of the township, $3.25. The average estimate of all the witnesses on both sides is $2.32 per acre, the average

value as assessed being a fraction more than $2.19 per acre. The burden is upon the prosecutor to show, by some preponderance of proof, that the assessment is too high.

We fail to discover in this case any such preponderance, and the assessment is therefore affirmed, with costs.